IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WALKER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 3:22cv00296-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Michael Walker, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3

F.3d 1210, 1213 (8th Cir. 1993). After careful review of the record in this matter, for the following reasons, I find the decision of the Commissioner must be REVERSED and REMANDED.

Plaintiff was thirty-five years old at the time of the administrative hearing. (Tr. 35.) He testified he is a high school graduate (Tr. 36) and has no past relevant work. (Tr. 25.)

The Administrative Law Judge (ALJ)[1] found Mr. Walker had not engaged in substantial gainful activity since the alleged onset date of December 4, 2020. He concluded Mr. Walker had "severe" impairments in the form of "borderline intellectual functioning and mild carpal tunnel syndrome," but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-21.)

The ALJ next determined Mr. Walker had the residual functional capacity to perform work at all exertional levels. (Tr. 22.) However, he is limited to work that is, "simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete" and that did not "require reading or writing." (*Id.*) Given Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Mr. Walker could perform despite his impairments. (Tr. 52-56.) Based in part on the expert's testimony, the ALJ determined Mr. Walker could perform the jobs of housekeeper/cleaner, janitor, and linen room attendant. (Tr. 25.) Accordingly, the ALJ determined Mr. Walker was not disabled. (Tr. 26.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the Appeals Council wrongly found the additional evidence submitted was not relevant to Mr. Walker's claim of disability. (Doc. No. 13 at 16.) Two months after the ALJ's decision, Plaintiff underwent psychological testing by Mark Cates, Ph.D. (Tr. 9-11.) Dr. Cates' diagnostic impressions were "communication delay, significant" and "mild intellectual deficiency versus borderline intellectual functioning." (Tr. 11.) The report also includes intellectual functioning scores using the Reynolds Intellectual Assessment Scale and Adaptive Behavior Assessment System. (Tr. 11-12.)

The Appeals Council received this evidence and concluded:

> You submitted medical records from Dr. Mark Cates, Familes, [*sic*] Inc. dated February 15, 2022, 5 pages. The Administrative Law Judge decided your case through December 9, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 9, 2021.

(Tr. 2.)

Plaintiff argues this statement is "false" and says:

> To begin with, it is impossible that Walker's intellectual disability came into existence within the two months between the ALJ's decision (December 9, 2021) and Dr. Cates' examination (February 15, 2022). More importantly, Dr. Cates' report is retrospective—it refers to Walker's prior testing as far back as 1994 and 1997, as well as his current testing in 2020. (Tr. 10).

(Doc. No. 13 at 17.)

Plaintiff makes a very persuasive point. It is impossible to conclude this evidence does not relate to the period at issue. It appears the Appeals Council simply looked to the date of the report and rendered its decision.

The Commissioner counters that ". . . the Appeals Council's October 27, 2022 letter makes it clear that it considered the newly submitted evidence (i.e., Dr. Cates's report) by specifically referring to it (Tr. 1-2)."  (Doc. No. 15 at 5.)  I disagree.  The Appeals Council specifically states this evidence "does not relate to the period at issue."  (Tr. 2.)  And this is, as Plaintiff argues, not logical.

The Commissioner further argues that Dr. Cates' report is not "material."  While the Commissioner makes a somewhat strong argument here, I am particularly moved by the diagnosis that Plaintiff has "significant" communication delay.  (Tr. 11.)  On this issue, Dr. Cates articulated, "He has a speech articulation delay. His language comprehension skills were delayed."  (Tr. 10). It is significant that elsewhere in the record it is noted that Plaintiff has a speech impairment.  Anita Gail Wells, Ph.D., also reported in her Mental Diagnostic Evaluation and Intellectual Assessment, that Plaintiff had ". . . some speech impairment similar to tongue tied."  (Tr. 303.)  So, Dr. Cates' report appears material.

While I find this to be a close call, I conclude the report is material and should have been considered by the Commissioner.  Accordingly, I find this matter should be remanded to the Commissioner for further development of record.

I do note the ALJ and the Commissioner provide some valid reasons to discount Plaintiff's allegations of *complete* disability.  The ALJ made fair points and his decision is well reasoned. And the Commissioner's counsel has made persuasive arguments.  So, I do not take lightly remanding this case. However, I find the Appeals Council's basis for discounting Dr. Cates' report to be invalid.  I further find the report material and in need of full consideration – especially in light of Plaintiff's speech impairment.

Accordingly, I find the record needs further development regarding Mr. Walker's intellectual functioning considering Dr. Cates' medical source statement.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 13th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE